# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1652V
**Filed: September 19, 2018**
UNPUBLISHED

| | |
|---|---|
| EMILIA SILVA,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*John Robert Howie, Howie Law, PC, Dallas, TX, for petitioner.*
*Debra A. Filteau Begley, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On December 15, 2016, Emilia Silva ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered from Guillain-Barre Syndrome – Miller Fisher Variant ("GBS/MFV") as a result of an influenza ("flu") vaccine she received on November 3, 2015. Petition at 1. On August 20, 2018, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 43).

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On August 30, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 49). Petitioner requests attorneys' fees in the amount of $37,169.30 and attorneys' costs in the amount of $767.60. *Id.* at 1. In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. *Id.* at 6. Thus, the total amount requested is $37,936.90.

On September 12, 2018, respondent filed a response to petitioner's motion. (ECF No. 51). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

On September 12, 2018, petitioner filed a reply. (ECF No. 52). Petitioner states that "Respondent has made no specific objection to Petitioner's application; therefore, Petitioner does not intend to file a substantive reply to respondent's response." *Id* at 1.

The undersigned has reviewed the billing records submitted with petitioner's request and finds it necessary to reduce the following hours billed.

The undersigned has previously reduced the fees paid to a petitioner's attorney due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.,* No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reducing overall fee award by 10% due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reducing overall fee award by 20%), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). The undersigned and other special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. *See Sabella v. Sec'y of Health & Human Servs.,* 86 Fed. Cl. 201, 209 (2009). Here, billing records filed with the motion for attorneys' fees reflect 164 billing entries notated as reviewing documents, internal emails, meetings and/or telephone calls between the multiple attorneys and paralegals. As multiple attorneys and paralegals assisted in this case it also resulted in duplicate reviews of documents from petitioner and the court. The undersigned finds cause to reduce petitioner's overall fee award for the reasons listed above by 5 %. This results in a reduction of **request for fees in the total amount of amount of $1,858.47.**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $36,078.43[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel John Robert Howie.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.